No. 20935.

JOSEPH F. WHITE, SR., ET AL., *v.*
JOSEPH N. MINISSALE, D/B/A MINISSALE REALTY COMPANY.
(394 P.2d 126)

Decided July 13, 1964.    Rehearing denied August 10, 1964.

Messrs. WAGNER and WYERS, for plaintiffs in error.

Messrs. PHELPS, HALL & SMEDLEY, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THIS case is before us on application for supersedeas. Both parties have asked for final determination; have waived filing of further briefs; and the court has elected to make final determination of the controversy on said application. We will refer to plaintiffs in error as de-

fendants or by name, and to defendant in error as plaintiff or by name.

The action was filed by Minissale in the district court of Arapahoe county, Colorado, for recovery of a broker's commission on the sale of real estate. It is admitted that plaintiff was employed by defendants to sell the real estate in question; that through the efforts of Minissale a buyer was procured who was ready, able and willing to purchase the property; and that a sale thereof has been fully consummated. Actually, after a receipt and option was approved by defendants, they refused to comply with their agreement to sell, and a suit was successfully prosecuted by the purchasers compelling a specific performance. Minissale retained the down payment in the amount of $5,000.00 received by him at the signing of the receipt and option, then brought suit for the balance of the commission due in the sum of $10,600.00.

Defendants by answer admitted the above stated facts but affirmatively pleaded that Minissale was not a licensed real estate broker as required by the laws of Colorado and hence was not entitled to a commission, and counterclaimed for the $5,000.00 down payment held by plaintiff.

Defendants filed a motion for summary judgment in which they asserted: "2. That during the time with which this action is concerned, that is from about October 1, 1961, to the commencement of this action, the plaintiff was not a real estate broker licensed under the Colorado statute, C.R.S. 1953, Chapter 117, Article 1 as amended."

This motion was supported by the affidavits of James R. Mosier and defendant Joseph F. White, Sr. Mr. Mosier's affidavit reads as follows:

"JAMES R. MOSIER, being first duly sworn, upon oath deposes and says: That he is the Office Manager of the Real Estate Brokers Board of the State of Colo-

rado and that in his capacity he keeps and is familiar with all records regarding licenses of real estate salesmen and brokers in this state.

"That JOHN LLOYD KING is presently and has been continuously since March 27, 1952, a duly licensed real estate broker in this state and is thereby entitled under the laws of Colorado to all rights commensurate therewith; further, that during the entire time John Lloyd King has been a licensed real estate broker in Colorado, said license has been registered for said King as the regularly licensed and qualified real estate broker for Joseph N. Minnissale, doing business as Minissale Realty Co., in accordance with the provisions of the laws of this state regarding real estate brokers' licenses; that accordingly the Minissale Realty Co. is and has been at all times hereinbefore referred to authorized by law to engage in the business of real estate broker in this state."

The affidavit of Joseph F. White, Sr., one of the defendants, contained inter alia the following:

"2. That since about October 1, 1961, and during all the dealings between the plaintiff, the defendants, and the prospective purchasers of an option to buy the defendants' realty in Douglas County, Colorado, known as the Jackson Creek Ranch, the plaintiff held himself out to be a real estate broker duly licensed under the Colorado statutes and under the trade name 'Minissale Realty Co.,' and he conducted all of his dealings in that capacity and under that trade name."

These affidavits were not disputed in any way. Under the facts set forth in said affidavits there is no requirement under the provisions of 1960 Perm. Supp. C.R.S. '53, Chapter 117, Article 1, that Minissale should hold a real estate broker's license issued in his own name.

The trial court overruled the motion of defendants for summary judgment. Later plaintiff filed a motion for summary judgment against defendants, which

was sustained. The court entered findings and judgment as follows:

"THIS MATTER having come on for hearing upon plaintiff's Motion for a Summary Judgment and the court having examined the pleadings herein, the affidavit in support of said motion, the affidavits and exhibits contained in the record of proceedings herein, and the Findings of Fact, Conclusions of Law, Judgment and Decree in Civil Action No. 18310 entitled Henry E. Kates, et al., vs. J. F. White, Sr., et al., heretofore litigated in this court, together with exhibits introduced into evidence in the said trial of said action, and having heard the arguments of counsel and statements of law in support thereof, and being fully advised in the premises DOTH FIND that the following facts are without substantial controversy concerning which there is no genuine issue:

"1. That at all times pertinent to the transaction herein, to wit, during the years 1961 and 1962, Joseph N. Minissale was a real estate salesman duly licensed by the Secretary of the State of Colorado, and was associated in the real estate business with one John Lloyd King who, during said period of time, was duly licensed by the Secretary of the State of Colorado as a nonresident real estate broker. The said Joseph N. Minissale and John Lloyd King adopted as their trade name 'Minissale Realty Co.' for which name and business the said broker's license of John Lloyd King was registered with the Real Estate Brokers Board of the State of Colorado.

"2. That a Trade Name Affidavit was recorded in the City and County of Denver, State of Colorado, on April 10, 1963, wherein it was stated that the full Christian and surnames of the parties doing business as Minissale Realty Co. are Joseph N. Minissale and John Lloyd King.

"3. That plaintiff, Joseph N. Minissale doing business as Minissale Realty Co., and defendants entered into

an exclusive listing agreement whereby plaintiff was given an exclusive and irrevocable right to sell defendants' property located in Douglas County, Colorado, for a period of 90 days, and by which defendants agreed to pay plaintiff a commission of six per cent of the selling price. Said agreement is identified as Exhibit A, attached to the complaint herein.

"4. As agents for said defendants, plaintiff secured purchasers for defendants' property who entered into a Receipt and Option Contract which was accepted by said defendants whereby defendants agreed to sell the subject property for a total selling price of $260,000.00.

"5. That by further agreement identified as Exhibit B attached to said complaint, defendants and plaintiff agreed that defendants should pay to plaintiff a commission based on the Receipt and Option Contract selling price of $260,000.00 as per the original exclusive listing agreement, less $5,000.00 received by plaintiff and held as a deposit on the purchase price from and for the said purchasers.

"6. That said purchasers were ready, willing and able to purchase the property in accordance with the terms of the Receipt and Option Contract entered into between said purchasers and defendants and the purchasers tendered performance during the option period, which tender was refused by the defendants.

"7. Thereafter, said purchasers brought a suit for specific performance being Civil Action No. 18310 entitled Henry E. Kates, et al., vs. J. F. White, Sr., et al., pursuant to which action a decree ordering specific performance was entered in favor of said purchasers. The terms and conditions of said decree have been complied with and title to the subject property has been transferred to said purchasers from the defendants.

"8. Defendants have refused to pay the commission demanded of them by plaintiff in this action in accordance with the terms of their agreements therefor.

"Upon the foregoing uncontroverted facts the court

concludes that plaintiff is entitled to bring this action to enforce the payment of the commission and that plaintiff has earned the commission provided for in the agreements between plaintiff and defendants and that judgment ought to be entered in plaintiff's favor therefor.

"It is therefore ORDERED, ADJUDGED AND DECREED that plaintiff's Motion for Summary Judgment be granted.

"It is further ORDERED that judgment for plaintiff be entered in the sum of $10,600.00 together with interest at the legal rate as provided by law from November 15, 1962, the date on which said contract between defendants and the purchasers should have been consummated and closed, as found by this court in Civil Action No. 18310, Henry E. Kates, et al., vs. J. F. White, Sr., et al.

"A motion for re-hearing of plaintiff's Motion for Summary Judgment is dispensed with.

"It is further ORDERED that defendants shall have a 60-day stay of execution in which to tender a transcript of the proceedings herein.

"DONE AND SIGNED in open court this 25th day of September, A. D. 1963."

This judgment is supported by the record before us and is accordingly affirmed.